**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LISABETH GIMBLE,

    Plaintiff,

    v.

PROGRESSIVE CASUALTY INSURANCE CO.,

    Defendant.

NO. 3:09-CV-1484

(JUDGE CAPUTO)

**MEMORANDUM ORDER**

Presently before the Court is the Complaint of Plaintiff Lisabeth Gimble against Defendant Progressive Casualty Insurance Company. (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.,* 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg*

*Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In this case, citizenship is insufficiently alleged as to both parties. As to her own citizenship, Plaintiff alleges that she is an adult individual "residing" in Pennsylvania. (Compl. ¶ 1.) It is well established that the term "citizenship" is not synonymous with "resident." *See Pa. House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) (McClure, J.) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location.").

As to Defendant, Plaintiff does not allege its citizenship at all. She states only that Defendant is an insurance company with an office located in Ohio. (Compl. ¶ 2.) This statement does not answer whether Defendant is a diverse party. For example, it gives no indication of what business form the company takes, a fact which impacts its citizenship. *See, e.g.,* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of its state of incorporation and the state where it has its principal place of business); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (because an artificial entity, unlike a corporation, is not a "citizen" under § 1332, diversity by or against such entity depends on the citizenship of all its members).

Because the citizenship of both parties is insufficiently alleged, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

2

**NOW**, this  11th  day of August, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.   The Clerk of the Court shall mark this case **CLOSED.**

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge